■ TOTAL SPECTRUM MANUFACTURING, INC., Respondent, v ALBERT FRASSETTO et al., Appellants, and OURELIO AND SONS, INC., Defendant.—In an action, *inter alia,* to recover damages for breach of contract and for a judgment declaring the parties' rights under certain leases, the defendants Albert Frassetto and Albert Frassetto Enterprises appeal from an order of the Supreme Court, Rockland County (Kelly, J.), dated November 9, 1989, which granted the plaintiff's motion for a "Yellowstone Injunction" and for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The defendants argue that the court erred in granting the "Yellowstone Injunction", since the lease did not set forth a period in which the plaintiff could cure the alleged defaults. We disagree.

It is settled that "[w]hen a contract fixes no time for performance, an agreement that performance shall take place within a reasonable time will be inferred" *(Senerchia Realty Corp. v Yonkers Community Dev. Agency,* 80 AD2d 889, 890; *see also, Webster's Red Seal Publs. v Gilberton World-Wide Publs.,* 67 AD2d 339, 343, *affd* 53 NY2d 643). Here, the lease states that the landlord has the right to re-enter the premises if "default be made in any of the covenants herein contained *and not cured in the time permitted by the lease"* (emphasis supplied). Because the lease fails to specify elsewhere any period for curing any defaults, the court properly inferred that the plaintiff had a "reasonable time" to cure its alleged defaults. Accordingly, since the plaintiff faced the threat of forfeiture and termination of the lease, the court did not err when it granted the injunction *(see, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 25-26; *Garland v Titan W. Assocs.,* 147 AD2d 304; *Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, *affd* 62 NY2d 930).

In light of this conclusion, it is unnecessary to consider the plaintiff's other contentions. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.