(March 10, 2003)

■ A & J CORPORATION III, Doing Business as DUNKIN DONUTS, et al., Respondents, v VW II, L.P., Appellant. (And a Third-Party Action.) [756 NYS2d 603] —In an action, inter alia, for reapportionment of common charges, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 21, 2002, as denied its motion for summary judgment dismissing the complaint and on its counterclaims for common charges due and owing.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought reapportionment of common charges and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are tenants of a shopping center owned by the defendant. The lease of each tenant contains a provision requiring payment of a portion of certain common charges based on the percentage of each tenant's demised grade-level leasable floor space in relation to the total gross grade-level leasable

floor space in the shopping center. The plaintiffs commenced this action alleging, inter alia, that the completion of a self-storage facility in the basement of the shopping center that was leased to a new tenant required the defendant to reapportion each plaintiff's respective share of the subject common charges. Further, they argued, the amount of the common charges levied was unreasonable and exorbitant. The defendant counterclaimed against each plaintiff seeking, inter alia, a money judgment for unpaid common charges. The Supreme Court, inter alia, denied the defendant's motion for summary judgment, finding issues of fact.

Each of the leases provides as follows concerning the apportionment of common charges: "In measuring the aggregate gross leasable floor area of the Shopping Center, all areas within the Shopping Center devoted to Lessor's storage, use, management and operation of the Shopping Center, Lessor's equipment installations servicing portions of the Shopping Center and office use shall be excluded, as shall areas located in mezzanines, and basement areas." This language, which is clear and unambiguous, expressly excludes basement areas from the calculation of the aggregate gross leasable floor area of the shopping center for purposes of apportioning common charges. Such an interpretation is in conformity with the calculation of each tenant's share of common charges based on the tenant's proportionate share of the "aggregate gross *grade level* floor area of the Shopping Center" (emphasis added). Thus, the provision is to be enforced as written (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]; *Unisys Corp. v Hercules Inc.,* 224 AD2d 365 [1996]; *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.,* 81 AD2d 168, 180 [1981]).

The plaintiffs' argument that this provision may be read to exclude only those basement areas that are dedicated to use by the defendant for the maintenance and operation of the shopping center is contrary to a plain reading of the provision and would render the phrase "as shall areas located in mezzanines, and basement areas" redundant and meaningless, as the provision already excluded "all areas within the Shopping Center" dedicated to the defendant's use (*see generally Two-Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396, 404-405 [1984]). The plaintiffs do not argue that the mezzanine and the basement were not areas "within the Shopping Center." Similarly, a plain reading of the leases does not support the plaintiffs' assertion that there has been an increase in the gross leasable floor area of the shopping center within the meaning of paragraph one of the leases. Accordingly, the

plaintiffs are not entitled to a reapportionment of their common charges.

However, the defendant failed to proffer evidence to establish prima facie that the unpaid common charges were reasonable (*see Atkin's Waste Materials v May,* 34 NY2d 422, 427 [1974]; *Total Spectrum Mfg. v Frassetto,* 172 AD2d 747 [1991]; *Tantleff v Truscelli,* 110 AD2d 240, 244-245 [1985], *affd* 69 NY2d 769 [1987]). Thus, the defendant was properly denied summary judgment on its counterclaims. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.